IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBIE LEE VALDEZ,

        Plaintiff,

v.                                                             No. 1:18-cv-00897-KRS

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 17), filed February 11, 2019, the Commissioner's response in opposition (Doc. 19), filed April 10, 2019, and Plaintiff's reply (Doc. 20), filed June 6, 2019. Having so considered, the Court hereby GRANTS Plaintiff's motion and REMANDS this case for further proceedings consistent with this opinion.

## I. PROCEDURAL BACKGROUND

On June 15, 2015, Plaintiff filed an application for Supplemental Security Income benefits, alleging that she had been disabled since November 17, 2008, due to manic depressive disorder, bipolar disorder, and mental impairments. (AR 183, 204). After denials at both the initial and reconsideration levels of review (AR 68, 106), Plaintiff was granted a hearing before administrative law judge ("ALJ") Cole Gerstner.

In the written decision that followed, ALJ Gerstner engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since May 6, 2015. (AR 19). At step two, ALJ Gerstner found that Plaintiff has the severe impairments of bipolar affective disorder and substance abuse disorder in early remission. (AR 20). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 21). ALJ Gerstner next assessed Plaintiff's residual functional capacity ("RFC"),[2] finding that Plaintiff has the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing simple, routine tasks. She is limited to making simple, routine work-related decisions. The claimant is limited to superficial contact with supervisors, coworkers, and the general public.

(AR 23).

Based on this assessment, ALJ Gerstner determined, at steps four and five, that Plaintiff was unable to perform her past relevant work, but that she was capable of performing the requirements of representative occupations such as packager, automobile detailer, cleaner, and marker. (AR 26-27). Accordingly, ALJ Gerstner concluded that Plaintiff was not disabled. (AR 28). The ALJ's decision became final when, on July 24, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). Plaintiff now asks the Court to assign error to ALJ Gerstner's decision.

## II. STANDARD

---

[1] *See* 20 C.F.R. § 416.920 (outlining the five-step analysis).
[2] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 416.945(a)(1).

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

III. ANALYSIS

ALJ Gerstner's unfavorable decision was based, in part, on opinion evidence provided by a variety of health care professionals. Plaintiff argues that the ALJ mistreated the opinions of three of these professionals—non-examining agency psychological consultants Jill Blacharsh, M.D. and Ellen Gara Psy.D, and examining psychologist Shari Spies, Psy.D—resulting in a flawed RFC determination.[3] Specifically, Plaintiff contends that ALJ Gerstner (1) improperly

---

[3] Findings of fact made by agency physicians at the initial and reconsideration levels of review "become opinions at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). Similarly, RFC assessments made by "State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the [ALJ's] decision as medical

weighed the opinions of Dr. Blacharsh and Dr. Gara, and (2) failed to provide adequate reasons for rejecting the findings of Dr. Spies. For the reasons set forth below, the Court finds merit in Plaintiff's first argument and remands on this basis. The Court will not reach Plaintiff's remaining argument as it "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

State agency psychologists Dr. Blacharsh and Dr. Gara reviewed Plaintiff's medical records at the initial and reconsideration levels of review, respectively. As part of their review, both doctors completed a Mental Residual Functional Capacity Assessment ("MRFCA"). In Section I of their assessments, the doctors noted that Plaintiff was moderately limited in her abilities to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual; sustain an ordinary routine without special supervision; work in coordination with/in proximity to others; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; be aware of normal hazards; and set realistic goals. (AR 76-77, 90-91). Dr. Gara also noted that Plaintiff was moderately limited in her ability to remember locations and work-like procedures, and both doctors found that Plaintiff was markedly limited in her ability to interact appropriately with the general public. (AR 77, 90).

---

opinions from non-examining sources about what the individual can still do despite his or her impairment(s)." *Id.* at *4.

In Section III of their assessments, both doctors concluded that Plaintiff retained the capacity to perform unskilled work, with Dr. Gara adding that Plaintiff is best suited for work not involving contact with the general public. (AR 79, 91). Here, Dr. Blacharsh explained that Plaintiff was able to shop in stores, read, and use public transportation, that Plaintiff had not applied for a job because she was a convicted felon, not due to a mental impairment, and that Plaintiff's memory was intact. (AR 79). Dr. Gara affirmed Dr. Blacharsh's findings. (AR 91).

ALJ Gerstner gave this evidence "great weight," finding that the doctors' opinions were "consistent with the record as a whole" and "supported by reasoning." (AR 25). Plaintiff takes issue with the ALJ's weight determination, arguing that ALJ Gerstner appears to have adopted some of the moderate limitations assessed by the doctors—limitations to simple, routine tasks with simple, routine work-related decisions and superficial contact with supervisors, coworkers, and the general public—but that he ignored, without explanation, the bulk of these limitations. (Doc. 17, p. 19). Plaintiff further argues that although the doctors assessed multiple limitations in their Section I findings, they failed to explain the effect of these limitations in their Section III narrative. (Doc. 20, p. 3). The Court agrees on both points.

It is well established that an ALJ is required to consider and weigh every medical opinion contained in the record. *Keyes-Zachary*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 416.927(c).[4] To determine what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 416.927(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). Further, the ALJ may not "pick and

---

[4] The rules in this section apply to cases, like the one at bar, filed prior to March 27, 2017.

choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

In determining that Dr. Blacharsh and Dr. Gara's opinions were entitled to "great weight," ALJ Gerstner broadly stated that the doctors' assessments were consistent with and supported by the evidence. To support his findings, the ALJ recited the doctors' own reasoning and stated that the doctors' opinions were consistent with that of consultative examiner, Dr. Mark Arcuri, "in that all three opined the claimant has the capacity to return to work." (AR 25). However, the ALJ never explained why the doctors' reasoning supported their conclusions or discussed the multiple limitations both identified in their Section I assessments. Instead, ALJ Gerstner focused only on the doctor's ultimate findings: that claimant was able work. It appears, then, that the ALJ engaged in prohibited cherry-picking. *Hardman*, 362 F.3d 676 at 681.

Moreover, the Social Security Administration's Program Operations Manual Systems ("POMS") explains that the MRFCA is divided into a heading and three sections. POMS DI 24510.060. Section I "is a merely a worksheet to aid in deciding the presence and degree of functional limitations…and does not constitute the RFC assessment." POMS DI 24510.060(B)(2)(a). It is in Section III, however, that "the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." POMS DI 24510.060(B)(4)(a). "[I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the

substantial evidence supporting an ALJ's RFC finding." *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (Unpublished).

As discussed above, Dr. Blacharsh and Dr. Gara identified more than a dozen moderate limitations and one marked limitation in Plaintiff's ability to do work-related activities. (AR 76-77, 90-91). Yet, in Dr. Blacharsh's Section III narrative, the doctor merely discussed Plaintiff's past work history, memory, and activities of daily living and concluded that Plaintiff was capable of performing unskilled work. Importantly, per POMS DI 25010.01(A)(3)(a), the four "basic mental demands of competitive, remunerative, unskilled work" include "the abilities (on a sustained basis) to": (1) " understand, carry out, and remember simple instructions"; (2) "make judgments that are commensurate with the functions of unskilled work, i.e., simple work-related decisions"; (3) "respond appropriately to supervision, coworkers and work situations; and (4) "deal with changes in a routine work setting." *See also* SSR 96-9p, 1996 WL 374185 at *9 (July 2, 1996).

While neither Dr. Blacharsh nor Dr. Gara found Plaintiff to be limited in terms of the first two "mental demands," they did determine that she was moderately limited in the remaining two areas. (AR 76-77, 90-91). The doctors also identified multiple limitations which call into question Plaintiff's ability to sustain work-related tasks. (*Id.*). Dr. Blacharsh neither explains how, or even if, Plaintiff's assessed limitations factored into her decision nor elaborates on how Plaintiff's capabilities correlate with the requirements of unskilled work. And, Dr. Gara only mentioned Plaintiff's marked limitation regarding interactions with the general public. (AR 91). In the absence of proper Section III narratives, the doctors' opinions cannot be deemed substantial evidence. *Carver*, 600 F. App'x 616 at 619.

The Court notes that the Commissioner states that "even if the ALJ had included the additional limitations…it would not have directed a different outcome." (Doc. 19, p. 15). Here, the Commissioner explains that "the jobs identified by the vocational expert that Plaintiff could perform were all unskilled jobs consistent with mild or even moderate limitations in mental functioning." (*Id.*). However, as Plaintiff correctly counters, "[t]here may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015). In light of the deficits in the ALJ's decision, the Court cannot conclude that a limitation to unskilled work was adequate in this case.

## IV.  CONCLUSION

Due to the ALJ's failure to appropriately weigh and discuss Dr. Blacharsh and Dr. Gara's opinions, the Court is unable to assess "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman*, 813 F.3d 1326 at 1330. Consequently, the Court will reverse the Commissioner's decision and remand for further proceedings.

**THE COURT, THEREFORE, ORDERS** that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 17) is hereby **GRANTED**.

**THE COURT FURTHER ORDERS** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE